We have two argued cases this morning. The first one is number 18-1378, Kalle USA v. United States. Mr. Arnott. Good morning, Your Honors, and if it may please the Court, the statute at issue today is Section 2B-3 of Section 59 of the United States Tariff. Could you start by explaining how we get to that chapter note, because nobody's contending that the articles here fall under 5903. So how do we get that chapter note being applicable to Chapter 6307? Very good, Your Honor. We are arguing that the product is classifiable as a plastic article in Chapter 39. Articles of Chapter 39 cannot stay in Chapter 39 if they're also provided for in Section 11 of the Tariff. Section 11 of the Tariff is the section which incorporates all the textile provisions, including Chapter 59 and Chapter 63. When we get to the section notes for Section 11 of the Tariff, it requires a threshold decision as to whether or not we have a fabric that is a textile fabric or a plastic fabric. Again, because if it's a plastic fabric composite good and it meets one of the definitions set in that section note for Chapter 59, then the section note for Chapter 11 pushes this case, pushes this product into Chapter 39 for tariff classification purposes. So that's why the first inquiry is, do we have a textile article for purposes of Section 11 of the Tariff? And to determine that, we need to look at this note, Note 2A3 for Chapter 59. Chapter 59 is a provision where coated, covered, and embedded and laminated textile fabrics would be classified. So when we look at this note, this note very specifically excludes from classification in Chapter 59, and therefore excludes classification as a textile article, textile, plastic, composite goods that meet one of two discrete criteria. One is they are either completely embedded in the plastic, meaning the textile fabric is completely embedded in the fabric, or two, the textile fabric is covered or coated on both sides with the plastic. And interpreting that, should we look to Heading 5903, which covers textile fabrics impregnated, coated, covered, or laminated with plastics? That would be the heading that we would look at. So we're looking at this note to that heading. So in determining what's embedded, embedded has to mean something different than impregnated. That is our position here. We believe that that particular note sets out two discrete exceptions to the rule that these types of products should stay in Chapter 59. Can you just back up a little bit first? I'm a little confused before we get into 3. 5903A broadly covers textile fabrics impregnated, coated, covered, or laminated with plastic, which this would seemingly apply to on its face. Part of the problem is, neither of you have done a very good job of giving us the big picture of how this operates. Just because you seem to agree that applying 3 is the key question, and that may be, but we have to understand the whole picture. Why isn't it just automatically in 5903 because of A? Is it because if it falls in A, but it's made up, it goes back to 63? So as a matter of tariff construction, general rule of interpretation, one says you start by looking at the headings, and you look at applicable section and chapter notes. And so here we have an applicable chapter note, Chapter Note 2A3 to Chapter 59, which explains which types of products would be classified under Heading 5903. And so what this note does is it says the general proposition is that coated, covered, laminated, and impregnated fabrics would stay in 5903, except in the following situations. And it's our argument, our client's. I get that you're not answering my question. I get you think whatever, A3, applies. Why do we get there, you know, if it doesn't apply, why isn't it still in 5903 by virtue of A? I'm not following your question. I'm sorry. I think it's the answer to that, that it's not in 5903 because it's not a fabric. It's a made-up article. And if what I understand you to be saying is correct, that it can't come in 6307 as a made-up article unless the made-up article is made up with a fabric which would be covered by 5903. Is that? That's exactly our argument, Your Honor. But since this product is not a fabric of 5903 because of the application of the chapter note to Chapter 59, it can't be considered a textile article. And then the section note covering the entire textile section says it can't stay as a textile. Let me make sure I completely understand you. If it falls within 5903A, textile fabrics impregnated, coated, covered with plastic or the like, because it's made up, then it goes back to 63. If it falls within the exception, it goes to 39 because it's not a textile fabric within the meaning of 5903. Yes, that's exactly the positions of the parties here. Okay, but then – I'm sorry. I was just going to ask, is your fabric impregnated with plastic? Our fabric is impregnated with plastic and it's coated on one side with plastic. It's our position that that satisfies the definition of being completely embedded in plastic. This product is made that way. It's a food product. They use it for casings for sausage and meat casings. They specifically fill the interstices of the fabric. I think that's a very important concept to understand. But doesn't that cause you a problem in terms of – if I understand correctly, you're saying in order to come under 6307, it has to be a textile under 5903, right? And what you say is, well, it doesn't come under 5903 because it's embedded. But in order to determine the meaning of embedded, can't we look to the language of 5903, which seems to cover textile fabrics impregnated? And since you yourself said a minute ago that this is an impregnated fabric, why doesn't that mean that it's impregnated rather than embedded? Do you understand what I'm saying? I do, Your Honor. I request that you construe this heading the way the tariff is to be construed, which is to apply general rule of interpretation one and look at the language of the heading and the language of applicable section and chapter notes. I don't think you're answering my question. If it's correct that in order to come under 6307, we look to chapter 5903 to see whether it's a textile, and the definition of 5903 says it's excluded if it's embedded, but it's included if it's impregnated, why doesn't the difference between those two suggest that this particular fabric is not an embedded fabric but rather an impregnated fabric? Well, Your Honor, we believe this is an embedded fabric. No, you've got to answer my question. Well, Your Honor, if it's an embedded fabric— If it's an impregnated fabric, isn't it within 5903? Again, you'd have to look at the notes because there are some notes which describe how embedded fabric would be classified as well. What's the difference between embedded and impregnated? So the way we are describing it is something is impregnated when the plastic polymer, in this case, is forcefully pushed into the interstices of the fabric. That happens here with our product. Also, our product, however, has coating on top of one of the surfaces, so it's more than simply impregnated. It has virtues of two of these plastic treatments. It's coated on one side, and it's impregnated. We believe that that creates a textile fabric that is completely embedded in the plastic. And again, that is the test— But 5903 says it includes textile fabrics impregnated, coated, covered, or laminated with plastics. And I'm just not understanding why this doesn't fall within that rather than the embedded category. I mean, that would seem to be fairly clear. You agree it's impregnated. You agree it's coated. Doesn't that suggest that it falls outside of the category, that those characteristics make it fall outside of the category of embedded? That's exactly what I'm saying. What we have is a product that's a hybrid. It contains two distinct plastic treatments. It has a coating, and it has an impregnation. And that, we believe, satisfies the term being completely embedded. So is the plastic that's forced into the interstices, interstices of this, different than the plastic that forms the coating on one side? No, it's the same plastic. It's the same treatment. Is it done all in the same process? It's done the same process. It's specifically done that way to leave a film on the top of the surface and to fill all the interstices. The client doesn't want to have yield loss, doesn't want moisture getting in. It doesn't want a product that will delaminate. So, again, when you construe heading 5903, you need to construe it in the context of what it means with the chapter note. But the problem is there seems to be a dichotomy in 5903 between things that are impregnated and coated versus things that are embedded. Do you agree with that? The only reference to the term. Yes or no? Yes. Okay. So then if that's true, then why doesn't this fall on the side of the line of being impregnated and coated rather than embedded? Because it's both. It's both impregnated and coated. And that, we believe, means it's embedded. It's not one or the other. So that is our position why this is embedded. That is our position why, pursuant to the chapter note, this product is not embedded. So if your treatment just filled the interstices and didn't coat either side, that would just be impregnated. Yes. And so it would be under the A part and, therefore, get put back into 63. Yes. And so you're arguing that coating one side is equivalent to embedding. No, I'm arguing that coating one side and impregnating the interstices is the equivalent of embedded. If it was simply coated on one side, then we would have the same problem that Judge Dyke has identified. But what we have is a product that contains the characteristics of both an impregnated fabric and a coated fabric. The only thing it doesn't have is coating on both sides. And that's the government's argument, that to fall within the scope of a textile fabric, it has to be coated on both sides. Well, I think their argument is a little bit different than that. It's not that it has to be coated on sides. It's that in coating and embedding are two different processes that result in different kind of physical structures. Well, we're arguing that there are two different treatments that result in different physical characteristics. The government's position is that the phrase completely embedded requires coating on both sides. Our position is that it doesn't. Our position is that Congress intended to create. I think they're arguing that it means more than just coating on both sides, though. That embedded means it's completely embedded throughout. Well, in this situation, the threads of the fabric are completely embedded in the plastic because the plastic is forced into the interstices of the fabric. This is a woven fabric. The threads come at each other in right angles, create spaces. The plastic is forced into that, filling all those gaps. So all the gaps, the fabric is entirely embedded in the plastic. Except one side of it is not. Except the one side that's not, and the government is arguing the fact that... What's the difference between being embedded and completely embedded? I have to say, I find completely to be a really odd modifier for the word embedded, but there must be a difference between being embedded and being completely embedded. Your Honor, I would just suggest that you can have fabric which you only apply plastic to part of it. That would not be completely embedded. Our fabric, the entire length... Sure, but the part that you don't apply it to wouldn't be embedded at all. Exactly, and that... So it would be partially embedded, not embedded. So it would be partially, so it wouldn't be completely embedded. But it doesn't say just partially. I mean, here's the problem. You're trying to read in another adverb to embedded, which is that it only covers partially embedded, and embedded, completely embedded means what you want it to mean, and they want to read it somewhat differently, and neither version really makes sense in the definition of this product. Well, Your Honor, again, our definition of what completely embedded is that our textile is entirely embedded in the plastic. No part of the textile is not embedded in the plastic. It's not as if we had a 10-foot-long piece of textile fabric and we only treated the middle of it with the plastic coating. Is the perimeter of your fabric completely surrounded by plastic material? It would be because, again, during the 19th... It's kind of like the Hollywood Star Walk of Fame where you look at those stars in the sidewalks. The perimeter of each of those stars is surrounded by cement, so therefore the star is embedded in the cement sidewalk. Your Honor, because... Or a diamond is embedded in a ring because the diamond stone is completely surrounded by the ring. Your Honor, because of the way the product is manufactured, all the interstices are filled with plastic, so the interstices at the edges of the fabric are filled as well. So I would answer yes, it is. Your Honor, I'm... Is there something in the record that says that? That the fabric, you know, in terms of square... In terms of area is smaller than the area of the plastic. Well, the parties have stipulated that the interstices of the fabric are filled with plastic. What's the difference in Judge Chin's hypothetical between embedded and completely embedded, then? I mean, in his hypothetical, I don't think the cement goes up through the star and completely impregnates it. It sounds to me like you're equating, at least in his hypothetical, embedded with completely embedded, making them the same thing. As I understood Judge Chin's hypothetical, he was asking whether those particular surfaces, the side surfaces, also had a plastic treatment. Because we know the top has a plastic treatment. Can I answer, if you didn't understand when I was asking a hypothetical about the Hollywood star, let me ask it. Is the Hollywood star completely embedded in the cement, or is it just embedded? I would say it's completely embedded in the cement. Even though one side of it is completely open. Absolutely, because it's fixed firmly in the surrounding mass. Isn't that the definition of embedded? That would be the definition of embedded that we have offered. So you're writing out the word completely. No, again, what we say... What's the difference between completely embedded and embedded? Again, completely meaning the entirety of the fabric is embedded, as opposed to a portion of the fabric is embedded. There are various dictionary definitions which seem to say that to be embedded, it has to be fixed into a surrounding mass. Correct. Like the Hollywood star in the cement. There's no surrounding mass here. This is not like putting a brick in a wall. So why would that be embedded? I disagree with you. The plastic is the surrounding mass. It goes on as a liquid polymer, and when it hardens, it is the surrounding mass in which the textile fabric has been completely embedded. Your argument is that each fiber of the fabric is surrounded by a surrounding mass, the plastic, when the plastic oozes through the interstices of the woven fabric, right? It is. So it's more of a fiber-by-fiber kind of inquiry for you, as opposed to the overall woven fabric as a whole. Well, no, I think a woven fabric as a whole, treated the way this is treated, creates something where that fabric is entirely embedded in the plastic. And at the thread level, each of those threads is entirely and completely embedded in the plastic. Okay, well, we'll give you two minutes for that one. Thank you. Okay, let's hear from the government. Ms. Joson. What do you think the difference between embedded and completely embedded is? And how does it differ from completely covered? Completely embedded is just something fixed in a surrounding mass, which is the definition of embedded. Completely embedded would be on all sides. So every side of the fabric is completely surrounded by plastic. How is that different from completely covered? Completely covered, you mean the other, are you talking about the other exception in Note 2? Just a general definition of completely covered. I mean, that is the other part. I might be using it not covered, entirely covered or covered. Entirely covered. So what's the difference between completely embedded or entirely covered? Entirely covered, it's on both sides. It's getting at the same thing. It's just the process that's used to get there. So embedding, it's a different process from covering or coating. And what that note is really getting at. Is it that something that could be entirely covered but not fixed to the covering? And completely embedded means it has to be fixed to the embedding material. I mean, I think if you're going to cover, if you're going to have a covering process, a fabric covering with plastic and it's completely covered, it will have plastic on both sides. It will be, I think. But it doesn't have to be fixed. Yeah, it might not be fixed. That's correct, it might not be fixed. I know you didn't argue this, and I'm not sure I'm allowed to come up with good arguments for you, but it seems to me that that's one potential difference, is that covering doesn't necessarily mean fixing the covering to the inner material. So you could have a piece of textile fabric entirely covered in some kind of plastic coating that wasn't fixed to the textile. That's right, because the definition of covering is just... So would you say that completely embedded, in your view, is a species of the genus of being entirely covered? Entirely covered. There's a lot of different ways for something to be entirely covered. One of them would be if it's completely embedded. No, I think it's just getting at two different ways of putting the plastic... The coverage is so general in terms of any different way you could cover entirely something else. Yeah, and I think when you look at the... And then your version of completely embedded means that one object has to be completely covered by another mass. It has to be completely fixed to the mass for completely embedded. So suppose this sausage casing had plastic on both sides and the plastic was integrated into the fabric. Would that be embedded? I'm sorry, I couldn't hear the question. If in this sausage casing we had plastic on both sides in addition to its being impregnated, would that be embedded then? It would be coated. I mean, I think the process, it's undisputed that the process... No, no, answer my question. If, let's take this sausage casing, in addition to the way it is now, it also has plastic on both sides. Would that be embedded? It would be... I'm not sure if it would be embedded in the sense that... Why not? Because I think the exception, the relevant exception here is... But instead of leaving one side of it open so that the fabric can absorb dyes and everything, it just pushes plastic all the way through. And so it is entirely impregnated and covered all around in plastic. Why isn't that completely embedded? It would be completely embedded. If it's on both sides, it would be... The way the product is being described, it would be completely embedded if it had it on both sides. But it also could be completely covered too. It could be completely coated. Here, again, it's undisputed that the process... And the reason there's a little bit of a disconnect, I think, is... Because I think the relevant exception here is really whether the product is covered... Coated on both sides in plastic. That's really the relevant exception that applies here because it's undisputed that there's a coating of plastic. This is what's troubling, though. This provision makes very little sense to me, frankly, the way it's written. Can you give me an example of something that's completely embedded in plastic but that wouldn't be completely covered by plastic? I think it would be... It's hard to tell what the... Because I think what the two terminologies are getting at is a process. So when you look at a product, it's going to look similar. I don't think looking at a product with the naked eye, you're going to be able to tell how it was made. So I think the note is really getting at no matter how this product is made, the end result should be the same, which is the plastic has to be all around the fabric. And that's what the note is trying to get at. I don't know if there's... To know whether... I guess if you took a stick and put it in cement, fully put it in cement, there's no part of the stick sticking out, that would be completely embedded. That would be a stick completely embedded in cement. But then the problem is there's no difference between embedded and covered on both sides, is there? Processing-wise. I mean, you wouldn't say... I don't think a stick in cement that's completely embedded in cement, you wouldn't say it's coated with plastic. That would be the product here, which there's a thin layer of plastic that's coated onto the fabric. So it's really getting at the... I'm not sure you're answering my question. This note distinguishes between embedded and covered on both sides. So what exactly is the difference between those two? The way the product is, there is no difference. What the product is, is that it's surrounded by plastic. Plastic is all around. So completely embedded or embedded and coated and covered are all trying to get at the same end result. They're all trying to get at the same end product that you have, which is a product that's surrounded in plastic on every single side. So if there's one side that's not covered in plastic or coated in plastic, like the sausage casings here, that doesn't fall in the exception. I mean, heading 5903, prima facie covers impregnated and coated fabrics. Prima facie, it's in. The only reason why it gets kicked out is if you have a product where the plastic is so extensive, meaning that it's on all sides of it, there's nothing that's not touched with plastic, then it gets kicked out and put into Chapter 39. That's not the product that we have here. Here, it's undisputed that there's coating only on one side. And that there remains a textile portion that actually is operative here to interact with the product inside of it. That's right, to capture the flavorings in. So that's all undisputed. So again, how it would get kicked out, that should just be the end of the inquiry here. It's prima facie on 5903, prima facie on a textiles provision, and it doesn't get kicked out of there. Do you agree, just so that the record is clear, that in order for the made-up article to fall under 6307, that it has to be a fabric under 5903? It does. And if you would like, I can give you a little bigger picture here. 6307 is the heading that Customs classified and rightfully classified these products. For 6307, there's two components to it. There's two requirements. The article has to be made up, and it has to be of any textile fabric. So we all agree, nobody's disputing that this is a made-up article. The argument is over whether this is really a textile fabric. And in order to make that determination, that's where you look at Note 2 to Chapter 59, which says impregnated, coated, covered fabrics with plastic are automatically prima facie in heading 5903. So this is a fabric of 5903, and that's why you're taking care of the second requirement for 6307. You know in the future it might be helpful if you give us that broader contact. I know you two both agree on this issue, so you think that's all we need to decide, but sometimes it's helpful. You know very well these Customs classifications are very difficult, and it was laid out a little bit, but a bigger framework would have been nicer. Sure. Certainly. In the future. Apologize for that. So I guess you think the stars in the Hollywood Walk of Fame are not completely embedded in the sidewalk? No. It's not on all sides. For me to say they're completely embedded in the sidewalk, you'd have to have a coating of cement over the top of the stars? Yeah, they might be embedded, but they're not completely embedded, and I think that's exactly the problem here is appellant is completely writing out the word completely here. It's embedded, embedded, embedded, but there is a statutory term completely here which does add something to just embedding, and that's that it has to be on every single side, on all surfaces. The surrounding mass has to be on all surfaces here. Okay. Anything further? I have nothing further. We just ask that the trial court's decision be affirmed. Okay. Thank you. Thank you. Mr. Arnold, you've got two minutes. Your Honor, if we could look at the Hollywood star issue, clearly that is completely embedded in concrete. For the government to come here and say, no, it has to have concrete on top of the star to make it completely embedded, I think is a ridiculous argument. And it's the same thing here. Our fabric is completely embedded in the plastic. The position the government just told you is basically one which is asking you to disregard the candidate against surplusage. So they want you to read out the distinction between something completely embedded and something covered or coated on both sides. She specifically came up here and said in order to be completely embedded, it needed to be covered or coated on both sides. So now you basically have rendered the statute, Tory language, superfluous. Because why would Congress have set out two discrete plastic treatments unless it intended for each of those plastic treatments to cover certain discrete physical characteristics? We have offered an analysis which explains what those physical characteristics are for purposes of being completely embedded. Our product is fixed firmly in plastic. It does not delaminate. No part of the fabric is not fixed firmly in the plastic coating. For that reason, we believe we have a product that has to be classified in Chapter 39 of the tariff because it's no longer a textile article. And specifically within Chapter 39, heading 3917, covers sausage casings and other lay flat tubing. So we would respectfully request that the decision below be reversed and that a decision be put in for Cali in favor of classification under 3917, 3900. Thank you very much, Your Honor. Okay. Thank you. Thank both counsel. The case is submitted.